UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| MATTHEW SENERCHIA | ) | |
| Plaintiff, | ) | Case No. |
| vs. | ) | |
| STELLAR RECOVERY, INC | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et seq*; the New Hampshire Unfair, Deceptive or Unreasonable Collection Practices Act NH RSA 358-C; New Hampshire Regulation of Business Practices For Consumer Protection NH RSA 358-A; and all applicable common law causes.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, for the FDCPA and TCPA claims. *See Also* Mims v Arrow Financial Services, 132 S. Ct. 740 (2012) (resolving a split between the Circuits and holding that Federal Jurisdiction does exist for private TCPA claims). Supplemental jurisdiction exists for all other claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and

transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### III.   PARTIES

4. Plaintiff Matthew Senerchia is a natural person residing in Strafford County, New Hampshire.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and RSA 358-C:1(I).

6. Defendant, Stellar Recovery, Inc. is a corporation created under the laws of Florida with a principal place of business located at 4500 Salisbury Road, Suite 105 Jacksonville, FL 32216.

7. Defendant, Steller Recovery, Inc has a registered agent by the name of Business Filings Incorporated located at 9 Capitol Street, Concord NH 03301.

8. Defendant, Stellar Recovery, Inc. is an entity who at all relevant times was engaged, by use of the phones, in the business of attempting to collect a "debt" from the Plaintiff, as defined by 15 U.S.C. § 1692a(5) and RSA 358-C:1(IV).

9. Defendant Stellar Recovery, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and RSA 358-C:1(VIII).

### IV. FACTUAL ALLEGATIONS

10. Plaintiff is a natural person contacted by Defendant for the purposes of collecting a debt owed or allegedly owed to another.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempt to collects, directly or indirectly, debts owed or due, or asserted to be owed or

due another.

12. The Defendant is thoroughly enmeshed in the debt collection business.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or once due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

14. The alleged debt was incurred for personal, family or household purposes.

15. Beginning in early 2013, and continuing through 2013, the Defendant placed telephone calls to the Plaintiff.

16. The Defendant placed these calls for the purposes of collecting an alleged debt from the Plaintiff.

17. The Defendant called the Plaintiff a minimum of thirty seven times between March 12, 2013 and July 26, 2013.

18. Upon information and good faith belief, Defendant used an automated or automatic telephone dialing system or telephone equipment to make such calls.

19. Upon information and good faith belief, Defendant used an artificial or pre-recorded voice to make such calls.

20. Upon information and belief Plaintiff did not give consent to receive these calls.

## V. CLAIMS FOR RELIEF

### COUNT I
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692d(5)

21. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

22. The law prohibits a creditor from "[c]ausing a telephone to ring or engaging any person

in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

23. The Defendant called the Plaintiff on his cellular phone in a continuous manner.

24. The Defendant called the Plaintiff twice a day on at least one occasion.

25. The Defendant communicated the same or a similar message to the Plaintiff with each call.

26. The Defendant's message was prerecorded and the Plaintiff was not able to respond to or communicate with its message.

27. The fact that this volume of calls were made to communicate the same recorded message to the Plaintiff indicates that these calls were made with the intent to annoy, abuse or harass the Plaintiff.

28. The high number of calls indicate that the calls were placed with the intent to annoy, abuse or harass the Plaintiff.

29. Defendant made these calls with intent to annoy, abuse or harass the Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that Stellar Recovery, Inc. violated 15 U.S.C. §1692d(5);

   b. Awarding Plaintiff Matthew Senerchia statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. §1692k(a)(3);

   d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

   e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g

30. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

31. The Fair Debt Collections Practices Act requires that a notice containing the following validation rights must be delivered to the consumer within five days after the initial communication: "(1) the amount of the debt; (2) the name of the creditor; (3) a statement that the consumer has a right to dispute the validity of the debt; (4) a statement that if the consumer notifies the debt collector in writing that the debt is disputed, the debt collector will obtain verification of the debt and mail a copy of the verification to the consumer; and, (5) a statement that, upon the consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor." 15 USC § 1692g(a).

32. The Plaintiff did not receive the statutorily required notice of his validation rights.

33. Upon information and belief the Defendant did not send Plaintiff a notice containing his validation rights.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that Defendant Stellar Recovery, Inc. violated 15 U.S.C. §1692g;

    b. Awarding Plaintiff Matthew Senerchia statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be

allowed under the law; and,

e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## DEFENDANT'S NUMEROUS VIOLATIONS OF 47 U.S.C. § 227

34. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

35. The TCPA makes it unlawful for any person to make a call using any automatic telephone dialing system or an artificial or prerecorded voice: "(iii) to the telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(ii).

36. The Statutory scheme of the TCPA also provides for a private action for violations of the statute: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State- (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(b)(3).

37. "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

38. "[A]n act may be 'intentional' for purposes of civil liability even if the actor lacked actual knowledge that [their] conduct violated the law." Jerman v. Carlisle, McNellie,

<u>Rini, Kramer</u>, 130 S. Ct. 1605, 1612 (2010). <u>See also</u> <u>Kolstad v. American Dental Assn.</u>, 527 US 526, 549 (1999) (holding that willful violations can be found where a defendant acts with "careless" or "reckless" disregard for federally protected rights).

39. Here, Defendant has used an "automatic telephone dialing system" to call Plaintiff on his cellular telephone.

40. In the alternative Defendant has used a "predictive telephone dialing system" to call Plaintiff on his cellular telephone.

41. When Plaintiff answered his phone he found that the call had been made to forward an artificial or prerecorded voice.

42. The Defendant used an automatic dialing system to contact the Plaintiff on his cell phone in violation of the TCPA.

43. In the alternative Defendant used a "predictive dialing system" to contact the Plaintiff on his cell phone in violation of the TCPA.

44. Defendant made calls to communicate using an artificial or prerecorded voice in violation of the TCPA.

45. The Defendant did not have Plaintiff's consent to contact his cell phone.

46. The Defendant made these calls with careless or reckless disregard that their conduct violated the law.

47. The Defendant made at least thirty seven of these calls to the Plaintiff's cell phone.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that Stellar Recovery, Inc. violated 47 U.S.C. § 227;

    b. Awarding Plaintiff Matthew Senerchia statutory damages for each phone call made in violation of this statute, pursuant to 47 U.S.C. § 227(b)(3);

  c. Awarding Plaintiff Matthew Senerchia triple damages for each phone call made because of willing violations of the statute pursuant to 47 U.S.C. § 227(b)(3);

  d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

  e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## DEFENDANT VIOLATED NH RSA 358-C:3(I)(a)

48. Plaintiff repeats and re-alleges each and every allegation herein as if fully stated within this count.

49. Debt collectors are prohibited by state law from employing unfair, deceptive or unreasonable collection practices in attempting to collect a debt. NH RSA 358-C.

50. It is considered an unfair and unreasonable practice under the act to communicate or threaten to communicate with the debtor: "By causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously… with the intent to abuse, oppress or harass any person at the called number." RSA 358-C:3(I)(a).

51. The Defendant called the Plaintiff on his cellular phone in a continuous manner.

52. Stellar Recovery, Inc. called the Plaintiff twice a day on at least one occasion.

53. The Defendant communicated the same or a similar message to the Plaintiff with each call.

54. The Defendant's message was prerecorded and the Plaintiff was not able to respond to or communicate with its message.

55. The fact that this volume of calls were made to repeat the same message to the Plaintiff without giving him the option for further communication indicates that these calls were made with the intent to annoy, abuse or harass the Plaintiff.

Case 1:14-cv-00073-LM   Document 1   Filed 02/14/14   Page 9 of 12

56. The high number of calls here show that these calls were made with the intent to annoy, abuse or harass the Plaintiff.

57. Defendant made these calls with intent to annoy, abuse or harass the Plaintiff.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that Stellar Recovery, Inc. violated NH RSA 358-C;

   b. Awarding the Plaintiff statutory damages, pursuant to NH RSA 358-C;

   c. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-C;

   d. Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

   e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
### DEFENDANT VIOLATED NH RSA 358-A *via* NH RSA 358-C

58. Plaintiff repeats and re-alleges each and every allegation herein as if fully stated within this count.

59. Any violation of NH RSA 358-C also constitutes an unfair and deceptive act or practice within the meaning of NH RSA 358-A. RSA 358-C:4(VI).

60. As described herein, Defendant has violated NH RSA 358-C by directing continuous harassing phone calls to the Plaintiff's cell phone.

61. NH RSA 358-A:10 provides for statutory damages of $1,000 to $3,000 plus costs and reasonable attorney's fees.

62. Through violations of NH RSA 358-C Defendant has violated NH RSA 358-A.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that Stellar Recovery, Inc. violated NH RSA 358-A;

 b. Awarding the Plaintiff $1,000 in statutory damages, pursuant to NH RSA 358-A:10;

 c. Awarding the Plaintiff $3,000 in statutory damages by finding the violation to be willful or knowing;

 d. Awarding the Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to NH RSA 358-A:10;

 e. Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

 f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
### DEFENDANT VIOLATED RSA 358:A BY EMPLOYING AN UNFAIR OR DECEPTIVE PRACTICE IN THE COLLECTION OF A DEBT

63. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

64. Under New Hampshire law it is unlawful to use any unfair or deceptive act or practice in the conduct of any trade or commerce. NH RSA 358-A:2.

65. Defendant was at all relevant times herein engaged in trade or commerce within the State.

66. Defendant employed and unfair or deceptive act or practice when they made phone calls with the intent to abuse, annoy or harass the plaintiff.

67. Defendant employed an unfair or deceptive act or practice when the made numerous phone calls to the Plaintiff's cell phone using an auto dialer, predictive dialer, or to forward a prerecorded or artificial voice without the Plaintiff's consent.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

 a. Adjudging that Stellar Recovery, Inc. violated NH RSA 358-A;

    b. Awarding the Plaintiff statutory damages, pursuant to NH RSA 358-A;

    c. Awarding the Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to NH RSA 358-A:10;

    d. Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## INVASION OF PRIVACY

68. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

69. Defendant invaded the peace and quiet enjoyment of Plaintiff's home through the placement of numerous harassing phone calls to the Plaintiff's cellular phone.

70. Defendant without right or justification intruded upon the seclusion of the plaintiff.

71. Defendant therefore invaded the privacy of the Plaintiff.

72. Plaintiff suffered damages in loss of enjoyment of life, increased stress, mental and emotional disturbance.

WHEREFORE, Plaintiff prays for relief, Judgment in his favor, and award of damages.

## JURY TRIAL REQUESTED

February 14, 2014						Respectfully submitted,
								PLAINTIFF
								Matthew Senerchia
								By His Attorneys

								/s/ Keith A. Mathews
								SKINNER LAW PLLC
								Keith A. Mathews, Esq.
								NHBN: 20997
								587 Union Street, 2md Floor
								Manchester, NH 03014
								Tel: (603) 622-8100
								Fax: (888) 912-1497
								Keith.mathews@skinnerrivard.com